UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| OSCAR IBANEZ, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. _____ |
| | § | |
| GREEN MEADOWS DESIGN AND | § | |
| LANDSCAPING, INC., | § | |
| JEFF THIMESCH, and | § | |
| KRONDA THIMESCH | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

## I.

## INTRODUCTION

Plaintiff, Oscar Ibanez ("Plaintiff" or "Ibanez"), files this Original Complaint against Defendants Green Meadows Design and Landscaping, Inc. ("GM"), Jeff Thimesch (hereafter "J. Thimesch"), and Kronda Thimesch (hereafter "K. Thimesch") (hereafter collectively "Defendants").

## II.

## PARTIES

1.      Plaintiff is an individual and a citizen of Collin County, Texas.

2.      Defendant Green Meadows Design and Landscaping, Inc. is a Texas corporation with its principal place of business located at 724 Holford's Prairie Road, The Colony, Denton County, Texas. GM may be served with process, including citation and a

copy of this lawsuit, by serving its registered agent for service of process, Jeffrey Thimesch

at 546 E. Church Road, Lewisville, Denton County, Texas 75067 or wherever he may be

found.

3.      Defendant Jeffrey Thimesch is an individual who may be served with a copy

of this lawsuit at 2516 Sir Tristram Ln, The Colony, Denton County, Texas 75056-5706 or

wherever he may be found.

4.      Defendant Kronda Thimesch is an individual who may be served with a copy

of this lawsuit at 2516 Sir Tristram Ln, The Colony, Denton County, Texas 75056-5706 or

wherever she may be found.

### III.

### JURISDICTION

5.      The Court has jurisdiction over this action pursuant to 28 U.S.C. §1331

because Plaintiff asserts a claim arising under federal law.

### IV.

### VENUE

6.      Venue is proper in this Court pursuant to 28 U.S.C. §1391(b)(2) because a

substantial part of the events or omissions giving rise to the claim occurred in Denton

County, Texas.

7.      Denton County lies within the Sherman Division of the Eastern District of

Texas, as set forth in 28 U.S.C. §124(a)(1).

### V.

### COVERAGE ALLEGATIONS

8.      Defendants transact substantial business in this judicial district.

9.      At all material times, Defendants have been an employer within the meaning of 29 U.S.C. § 203(d).

10.     At all material times, Defendants have been an enterprise within the meaning of 29 U.S.C. §203(r).

11.     At all material times, Defendants have been an enterprise engaging in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §203(s)(1), in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level, which are separately stated).

12.     At all materials times, Plaintiff was an individual employee of Defendants who was engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

**VI.**

**DEFENDANTS FAILED TO PROPERLY PAY MINIMUM AND OVERTIME WAGES TO PLAINTIFF AND RETALIATED AGAINST PLAINTIFF AFTER HE COMPLAINED OF SAME**

13.     Plaintiff worked for Defendants for approximately three years – from April 2013 until April 2016.  From the inception of his employment until approximately October

2013, Plaintiff was paid on an hourly basis, following which Defendants altered his compensation status to salaried.

14.     From approximately October 2013 until his employment ended, Defendants improperly classified Plaintiff as exempt from the payment of overtime wages. Plaintiff's duties, work and responsibilities in no way permitted Defendants to classify him as exempt under the executive exemption or the outside sales exemption or any other exemption under the FLSA.

15.     From approximately October 2013 until his employment ended, Defendants failed to pay Plaintiff a minimum wage and also failed to pay Plaintiff one and one half times his hourly wage for all hours worked during the week over forty hours.

16.     Plaintiff routinely worked more than forty hours per week in each of the workweeks for which he was improperly classified as exempt.

17.     During his employment with Defendants, Plaintiff repeatedly complained to Defendants about their having violated federal and state laws including, without limitation, minimum wage violations, overtime violations and illegal salary deductions.

18.     Within a matter of days after his last complaint to Defendants, he was discharged without justification. At the time Plaintiff was discharged he was informed by J. Thimesch that he would provide Plaintiff with an outstanding letter of recommendation.

## VII.

## CAUSES OF ACTION

**A.     First Cause of Action - - Failure to Pay
Minimum Wage and Overtime Wages in Accordance with the FLSA**

19.     Plaintiff incorporates each of the foregoing paragraphs.

20.     Defendants failed to pay Plaintiff minimum wage and also failed to pay Plaintiff one and one half times his hourly rate of pay for all hours worked in excess of forty hours in a workweek.

21.     Defendants' actions violated 29 U.S.C. §§206, 207, and 215(a)(2).

**B.      Second Cause of Action - -**
        **Retaliation In Violation of FLSA - 29 U.S.C. §215(a)(3)**

22.     Plaintiff incorporates each of the foregoing paragraphs.

23.     Defendants terminated Plaintiff because Plaintiff repeatedly complained to Defendants about their having violated federal and state laws including, without limitation, minimum wage violations, overtime violations and illegal salary deductions. Plaintiff's complaints fall within the meaning of 29 U.S.C. §215(a)(3). Defendants' retaliatory termination of Plaintiff was unlawful under the FLSA, 29 U.S.C. §215(a)(3).

## VIII.

## DAMAGES

24.     Plaintiff incorporates each of the foregoing paragraphs.

25.     Defendants' actions violated 29 U.S.C. §207(a).

26.     Pursuant to 29 U.S.C. §216(b), Plaintiff seeks to recover all unpaid minimum wage and overtime compensation.

27.     Plaintiff also seeks as liquidated damages an amount equal to that recovered for unpaid minimum wage and overtime compensation.

28.     As a result of Defendants' unlawful retaliation, Plaintiff has suffered and will continue to suffer, actual damages in the form of lost wages and lost employment benefits for which Plaintiff hereby sues.

29.     As a further result of Defendants' actions, Plaintiff has also suffered non-pecuniary losses, including but not limited to, emotional pain, suffering, inconvenience, mental anguish, and loss of enjoyment of life. Plaintiff is therefore entitled to compensatory damages under 29 U.S.C. § 216(b).

30.     Plaintiff sues for liquidated damages under 29 U.S.C. § 2l6(b).

31.     Defendants' actions were done with malice and/or reckless indifference to Plaintiff's federally protected rights. Plaintiff is therefore entitled to punitive damages for which Plaintiff hereby sues.

32.     Plaintiff sues for attorneys' fees and costs of suit under 29 U.S.C. § 216(b).

33.     Plaintiff seeks all other damages available to him under federal law.

## IX.

## ATTORNEY'S FEES AND COSTS

34.     Plaintiff incorporates each of the foregoing paragraphs.

35.     Plaintiff retained the services of undersigned counsel to prosecute his claims.

36.     Plaintiff is entitled to recover reasonable and necessary attorneys' fees from Defendants and also costs.

## X.

## REQUIRED REMEDIES

37.     Plaintiff is within all applicable statutes of limitation for bringing this civil action.

## XI.

## JURY DEMAND

38.     Plaintiff demands that this Court empanel a lawful jury to hear this case.

## XII.

## RESERVATION OF RIGHTS

39.     Plaintiff specifically reserves the right to bring additional causes of action against

Defendant and to amend this Complaint as necessary.

## XIII.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully requests that

Defendants be cited to appear and answer, and that upon final trial of this matter, the Court

enter judgment against Defendants, jointly and severally, awarding Plaintiff:

(a)     All unpaid minimum wage and overtime compensation;

(b)     Lost wages and lost employment benefits;

(c)     Non-pecuniary losses, including but not limited to, emotional pain, suffering,

inconvenience, mental anguish, and loss of enjoyment of life;

(d)     Compensatory damages;

(e)     Liquidated damages;

(f)     Reasonable attorney's fees and expert fees;

(g)     Court costs;

(h)     Pre-judgment and post-judgment interest at the rate set by law; and

(i)     All legal or equitable relief this Court deems proper.

Dated this 20th day of September, 2016.

_____
**BRYAN C. COLLINS**
State Bar No. 04604850

Email: bcollins@clousedunn.com

**ROGGE DUNN**
State Bar No. 06249500
Email:  dunn@righttowork.com

**CLOUSE DUNN LLP**
1201 Elm Street, SUITE 5200
Dallas, Texas 75270-2142
Telephone:  (214) 220-3888
Facsimile:   (214) 220-3833

**ATTORNEYS FOR PLAINTIFF**

## **CERTIFICATE OF SERVICE**

       I hereby certify that on the 20th day of September, 2016, I electronically filed the foregoing document with the clerk of court for the U.S. District Court, Eastern District of Texas, using the electronic case filing system of the court.  The electronic case filing system will send a "Notice of Electronic Filing" to the following attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means:

Chuck Elsey  
Elsey & Elsey  
212 Long Prairie Road, Suite 200  
Flower Mound, TX 75022

☐ **Via ECF**  
☐ **Via Hand-Delivery**  
☐ **Via First Class Mail**  
☐ **Via Overnight Mail**  
☐ **Via Fax:  (972) 906-7998**  
☐ **Via Email:**  
    **chuck@elseylaw.com**

_____  
Bryan C. Collins